UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-23196-LMR

MATTHEW PEREZ,

    Plaintiff,

v.

AVENTURA POLICE DEPT.,
OFFICER WILLIAMS,
OFFICER JOHN DOES

    Defendants.
_____/

# REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

**THIS CAUSE** is before the Court on Aventura Police Department, Officer Williams, and Officer John Doe's (the "Defendants") Motion to Dismiss [ECF No. 9] Plaintiff Matthew Perez's ("Plaintiff") Complaint [ECF No. 1]. The undersigned held a hearing on Defendants' Motion to Dismiss on September 4, 2025, where Plaintiff failed to appear. For the reasons expressed below, it is **RECOMMENDED** Defendants' Motion to Dismiss [ECF No. 9] be **GRANTED**, and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.[1]

---

[1] On July 18, 2025, the Court filed its Order Regarding Jurisdiction, providing Plaintiff with the option to opt out of "Magistrate Judge jurisdiction by filing a motion for case reassignment." [ECF No. 4 at 1]. Plaintiff was required to file a motion for case reassignment within a two-week deadline. [*Id.*]. He did not file such a motion. Rather, Plaintiff continued to file documents on the docket. *See* [ECF Nos. 6, 8, 10]. Further, Defendants consented to Magistrate Judge jurisdiction during the September 4, 2025 hearing. [ECF No. 13]. However, due to Plaintiff's failure to appear at the Motion to Dismiss hearing, and failure to submit explicit consent to Magistrate Judge jurisdiction, the undersigned files this Report and Recommendation.

## I.     BACKGROUND

A.  *The Complaint.*

It is not entirely clear why Plaintiff brings this suit. His civil cover sheet indicates that he is bringing a civil rights lawsuit based under federal question jurisdiction, but fails to state the precise federal statute, treaty, or constitutional right that was violated other than "some rights." *See* Compl. [ECF Nos. 1 at 3]. He writes only in the Complaint's "Statement of Claim" section of "physical injury, psycholgic [sic] damage, attempt of false imprisonment, [and] incorrect charge." [ECF No. 1 at 4]. He does state under the "Amount in Controversy" section that he seeks $80,000,000.00 in damages. [*Id.*]. To the best of the Court's understanding, Plaintiff is suing state law enforcement concerning a 2014 arrest under 42 U.S.C. § 1983 for unlawful searches and seizures of his person in violation of the Fourth Amendment.

He includes the eleven-year-old Arrest Affidavit, in which Officer Sabina Lewandowska describes how a Publix Loss Prevention agent observed the then-juvenile Plaintiff placing unpaid items into a plastic bag and exiting the grocery store without paying for them. Arrest Aff. [ECF No. 1-2 at 1]. The agent told Plaintiff to come back inside and purchase the items. [*Id.*]. Plaintiff "scratched his arm in an attempt to get away with the merchandise" and "took flight with the stolen merchandise." [*Id.*]. The agent then called law enforcement, who issued a "Be on the Lookout" alert for Plaintiff. [*Id.* at 2].

Officer Lewandowska spotted Plaintiff walking through the Aventura Town Center Plaza. [*Id.*]. Several officers gave verbal commands to Perez who "refused . . . and took flight." [*Id.*]. Officer Lewandowska, Defendant Officer Williams, and other officers apprehended Plaintiff, who resisted arrest. [*Id.*]. Plaintiff was eventually tasered and taken into custody and charged with strong-arm robbery under Fla. Stat. § 812.12(2)(c) and resisting an officer without violence under

Fla. Stat. § 843.02. [*Id.*]. A petition for delinquency was issued the following week that reiterated the facts from the Affidavit. *See* [*id.* at 3–4].

Plaintiff notes in his Complaint that he sustained various injuries during the arrest. *See* [*id.* at 7–8]. Although this incident occurred over ten years ago, he asserts that there is no statute of limitations for police misconduct. [*Id.* at 7–8]. He includes over one hundred pages of medical records from the past decade to demonstrate the physical and psychological damage, as well as his alcohol dependency, purportedly resulting from the arrest. *See* [*id.* at 70].

B.  *Defendants' Motion to Dismiss.*

Defendants contend that the plaintiff's lawsuit is based on an arrest that took place over a decade ago, and therefore, his claims are barred by the statute of limitations. *See* Mot. [ECF No. 9 at 2 (citing *Dixon v. Miami-Dade Cnty.*, 2007 WL 9724958, at *1 (S.D. Fla. Jan. 3, 2007); *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998))]. Additionally, they argue that the Aventura Police Department cannot be sued because it is a municipal department and not a legal entity capable of being a defendant. [*Id.*].

C.  *Motion to Dismiss Hearing*

On August 22, 2025, the Court set Defendants' Motion to Dismiss for hearing on September 4, 2025. [ECF No. 11]. Notice of the hearing was served on Plaintiff at the address he listed in his Complaint and on the docket. *See* [ECF No. 1 at 1]; *see also* Notice of Electronic Filing Receipt [ECF No. 9]. On September 4, 2025, Counsel for Defendants appeared at the hearing, however, Plaintiff did not. [ECF No. 13]. During the hearing, the undersigned acknowledged that Plaintiff's claim appears to arise from his February 2, 2014, arrest. Therefore, any § 1983 claim would be barred as untimely under the statute of limitations. *See* Dixon, 2007

3

WL 9724958, at *1. Defendants requested that Plaintiff's claim be dismissed with prejudice due to futility of amendment.

## II. STANDARD OF REVIEW

In reviewing the allegations of a complaint at the motion-to-dismiss-stage, a court must take all plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) ("Because this case comes to us at the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." (quoting *Ashcroft*, 556 U.S. at 678–79). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court ruling on a motion to dismiss must accept the factual allegations as true, "even if they are subject to dispute." *Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health*

*Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

Lastly, courts are more lenient to *pro se* filings than those drafted by practicing attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But neither a court nor its staff can serve as "*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168 (citation and quotation marks omitted).

### III.   DISCUSSION

The Complaint must be dismissed for four reasons. First, Plaintiff fails to cite *any* law that Defendants allegedly violated, though it seems to allude to a § 1983 cause of action for an unlawful arrest and seizure. *See* [ECF No. 1 at 7] (stating that law enforcement falsely arrested and injured Plaintiff). It is also far from clear on *why* Plaintiff is suing due to the lack of a proper statement of facts. *See* [*id.* at 3]. While this Plaintiff is afforded more leniency with his pleadings than a practicing attorney, where a complaint is devoid of facts necessary to state a claim, dismissal is proper under the Federal Rules of Civil Procedure and case law. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 570.

Second, even if the Court assumes Plaintiff filed a § 1983 claim citing a violation of his Fourth Amendment protections, the claim still fails because there is a four-year statute of limitations for § 1983 claims. *See Crespo v. Florida Comm'n on Offender Rev.*, No. 17-12007-H, 2017 WL 9324513, at *2 (11th Cir. Dec. 6, 2017) (citing Fla. Stat. Ann. § 95.11(3)(p); *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1482–83 (11th Cir. 1988)); *see also Dixon*, 2007 WL 9724958, at *1. Plaintiff is seven years too late to file suit based on his unlawful arrest, and his

claims stemming from the 2014 arrest are now time-barred. *See id.* Plaintiff's Complaint must be dismissed with prejudice for this reason. *See Maglana v. Celebrity Cruises Inc.*, No. 20-22133-CIV, 2023 WL 4926055, at *2 (S.D. Fla. June 30, 2023), *aff'd*, 136 F.4th 1032 (11th Cir. 2025) ("Additionally, 'a court may dismiss a case with prejudice when [an] amendment would be futile.'") (citing *Chiron Recovery Ctr., v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020)). Moreover, to the extent that Plaintiff is attempting to assert a separate tort action, not under § 1983, the harm he complains of occurred so long ago that any applicable statue of limitations would have also lapsed by now.

Third, even if Plaintiff brought a plausible claim that is not time-barred, he cannot sue the Aventura Police Department under § 1983. "It is well-established that police departments cannot be sued under Section 1983." *Rubin v. City of Miami Beach*, No. 19-20520-CIV, 2019 WL 11470833, at *5 (S.D. Fla. Feb. 12, 2019) (citing *Trapp v. Sanchez*, No. 08-CV-22267, 2009 WL 2338117, at *1 (S.D. Fla. July 28, 2009) (holding that the "plaintiff cannot proceed on a claim against the Miami–Dade Police Department because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (internal citation omitted). Therefore, any claims predicated on Section 1983 against the Aventura Police Department must be dismissed. *See Rubin*, 2019 WL 11470833, at *5; *see also Bannum, Inc.*, 901 F.2d at 997 (internal citations omitted) (listing that a successful Section 1983 claim must show that an "act or omission was done by a *person* acting under color of law."). (emphasis added); *Florida City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) ("The City correctly asserts that the Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued.").

Lastly, Plaintiff's failure to respond to Defendants' Motion to Dismiss and failure to appear at the Motion to Dismiss hearing is cause in and of itself for the Court to dismiss the Complaint. *See Gutierrez v. Medrobotics Corp.*, No. 19-21548-CIV, 2019 WL 5260285, at *2 (S.D. Fla. July 1, 2019), *report and recommendation adopted*, No. 19-21548-CIV, 2019 WL 11506026 (S.D. Fla. Oct. 2, 2019) ("Given Plaintiff's failure to respond to SMH's Motion to Dismiss and failure to appear at the June 27, 2019 hearing on the Motion to Remand, which encompassed the same issues as the Motion to Dismiss, the undersigned finds sufficient cause for granting SMH's Motion to Dismiss by default.").

## IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** as follows:

(1) Defendants' Motion to Dismiss [ECF No. 9] be **GRANTED**.

(2) Plaintiff Matthew Perez's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 5th day of September 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Plaintiff,** *Pro se*

**All Counsel of Record**