UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23196-BLOOM/Reid

MATTHEW PEREZ

 Plaintiff,

v.

AVENTURA POLICE
DEPARTMENT, OFFICER
WILLIAMS, AND OFFICER
JOHN DOE,

 Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants Aventura Police Department, Officer Williams, and Officer John Doe's (collectively "Defendants") Motion to Dismiss, ECF No. [9]. For the reasons that follow, Defendants' Motion is granted.

This matter was originally assigned to Magistrate Judge Lisette Reid pursuant to Administrative Order 2025-11. ECF No. [14]. Shortly after Defendants filed their instant Motion, Judge Reid held a hearing on the matter. Plaintiff not only failed to appear at the hearing, but he also failed to otherwise respond to Defendants' Motion. *See* ECF No. [15] at 1, 7.

Following the hearing, Judge Reid issued a Report and Recommendation ("R&R") because she did not have the authority to issue a dispositive order on the matter. In the R&R, Judge Reid recommends that Plaintiff's Complaint be dismissed with prejudice because (1) Plaintiff has failed to state a claim, (2) the claims are time-barred by the applicable statute of limitations, (3) § 1983 suits may not be brought against a police department, and (4) Plaintiff failed to respond to Defendants' Motion. ECF No. [15] at 5-7. The R&R also advised the parties that "[o]bjections to

th[e] Report may be filed with the district judge within FOURTEEN (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a de novo determination by the district judge of anything in th[e] Report and shall constitute a waiver of a party's 'right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.'" 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

To date, the parties have not filed objections, nor have they sought additional time to file objections.[1] Nonetheless, the Court has conducted a *de novo* review of Judge Reid's Report and Recommendation, the record, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Reid's Report and Recommendation to be well reasoned and correct. The Court therefore agrees with the analysis and concludes that Plaintiff's Complaint is dismissed with prejudice.[2]

---

[1] While Plaintiff did not file any objections to the R&R, Plaintiff did file an Amended Complaint on September 15, 2025, more than twenty-one days after Defendants filed their Motion to Dismiss. *See* ECF No. [16]. Accordingly, the Court does not consider the Amended Complaint because Plaintiff was not entitled to an amendment as a matter of course, and he did not properly seek leave of Court before filing his Amended Complaint. *See United States v. Dermatology & Skin Cancer Prevention Ctr., Inc.*, No. 1:12-CV-0184-SCJ, 2013 WL 12109763, at *2 (N.D. Ga. Apr. 11, 2013) ("Federal Rule of Civil Procedure 15(a)(1) permits the amendment of a complaint as a matter of course as long as the amendment is filed within *twenty-one days* after an opponent answers or files a Rule 12(b), (e), or (f) motion. Any amendment thereafter requires the leave of Court or the written permission of the opposing parties.") (emphasis added). In any event, even if the Court were to consider Plaintiff's Amended Complaint on the merits, it still fails to cure the deficiencies outlined by Judge Reid in her R&R. *See generally* ECF No. [15]; ECF No. [16].

[2] Although the general rule is that a *pro se* litigant must have at least one opportunity to amend his or her complaint, that is only the case where the filing of an amended complaint would not be futile, and a more carefully drafted complaint would still fail to state a claim. *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[A]bsent a showing of futility or lack of desire to amend, [*pro se* plaintiff] had to be given at least one chance to amend his claims."). Here, Judge Reid correctly found that leave to amend would be futile given that the statute of limitations has lapsed on all of Plaintiff's claims. *See e.g.*, *Sanguinetti v. JPMorgan Chase Bank Nat'l Ass'n*, No. 20-CV-81023, 2020 WL 7765792, at *8 (S.D. Fla. Nov. 13, 2020) ("Because this claim is time-barred by approximately 12 years, it cannot be cured by amendment, and accordingly is dismissed with prejudice."); *Innova Inv. Grp., LLC v. Vill. of Key Biscayne*, No. 1:19-CV-

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [15]**, is **ADOPTED**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers in Miami, Florida, on September 25, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

22540, 2020 WL 6781821, at *5 (S.D. Fla. Nov. 18, 2020), *aff'd*, No. 21-11877, 2024 WL 2748480 (11th Cir. May 29, 2024)